**UNITED STATES DISTRICT COURT**
**DISTRICT OF NEW JERSEY**

| | |
|---|---|
| WILLIAM ZANES, *et al.*,<br><br>    Plaintiffs,<br><br>  v.<br><br>FLAGSHIP RESORT DEVELOPMENT, LLC, t/a and/or d/b/a FANTA SEA RESORTS, FANTA SEA RESORTS, and JOHN DOES 1-5, and 6-10,<br><br>    Defendants. | HONORABLE JOSEPH E. IRENAS<br><br>CIVIL ACTION NO. 09-3736 (JEI/JS)<br><br>**OPINION** |

**APPEARANCES:**

COSTELLO & MAINS, P.C.
By: Deborah L. Mains, Esq.
18000 Horizon Way, Suite 800
Mount Laurel, New Jersey 08054
        Counsel for Plaintiffs

COOPER LEVENSON APRIL NIEDELMAN & WAGENHEIM, P.A.
By: Russell Lichtenstein, Esq.
125 Atlantic Ave, 3rd Floor
Atlantic City, New Jersey 08401
        Counsel for Defendants

**IRENAS**, Senior District Judge:

    Plaintiffs initiated this proposed collective action pursuant to the Fair Labor Standards Act ("FLSA") on behalf of all current and former employees of Defendants who were engaged in the sale of timeshares and related products and services. Plaintiffs allege Defendants failed to pay overtime compensation in violation of the FLSA and the New Jersey State Wage and Hour

1

Law.  Pending before the Court is Plaintiffs' Motion for Conditional Class Certification.

**I.**

On July 28, 2009, Plaintiffs William Zanes, Michael Thompson, and Tim Claus[1] brought this proposed collective action against Defendants Flagship Resort Development, LLC t/a and/or d/b/a Fanta Sea Resorts and Fanta Sea Resorts.[2]  The Complaint alleges violations of the FLSA and the New Jersey State Wage and Hour Law.[3]  (Compl. ¶ 14)

Plaintiffs were employed as salespersons by Defendants who were in the business of marketing and selling timeshare units in Atlantic City and neighboring communities.  (Id. ¶¶ 9, 32)  They sold deeded timeshares, travel club programs, trial memberships, vacation clubs and upgrades to existing memberships and worked in the travel club/exit program for at least part of their

---

[1] The certification of Plaintiff Tim Claus was submitted to the Court unsigned, and Plaintiffs' attorney has informed the Court of her intent to move to withdraw Plaintiff Claus as a named Plaintiff.  For the purposes of this Motion, the Court will consider only the signed certifications of Plaintiffs Zanes and Thompson.

[2] Defendant Flagship Resort Development Corporation was improperly named in the Complaint as Flagship Resort Development, LLC t/a and/or d/b/a Fanta Sea Resorts.

[3] Plaintiff Zanes also brings claims individually against Defendants pursuant to the New Jersey Law Against Discrimination ("LAD") and Americans with Disabilities Act ("ADA").

employment.[4]  (Zanes Cert. ¶ 3; Thompson Cert. ¶ 3; Compl. ¶ 32) Plaintiff Zanes was employed by Defendants from May 2008 through November 21, 2008, from May 2004 through 2006, and from 1999 through 2000.  (Zanes Cert. ¶ 2)  Plaintiff Thompson was employed by Defendants from January 8, 2001 until February 9, 2009.  (Thompson Cert. ¶ 2)  Sales employees were compensated by some combination of salary or draw plus commission, which varied according to the type of sales and the time period of employment.  (Compl. ¶ 33)

Plaintiffs allege that Defendants failed to record employees' hours and did not pay them overtime for hours worked in excess of 40 hours a week.[5]  (Id. ¶¶ 34-36)  Plaintiff Zanes alleges that he regularly worked approximately 50 to 55 hours each week without receiving overtime compensation.  (Zanes Cert.

---

[4] Salespersons in the travel club/exit program were responsible for interacting with potential clients who had declined to purchase a deeded timeshare from a front salesperson.  Travel club/exit program salespersons would attempt to sell customers mini vacations at the timeshare resorts to entice the customer to purchase a deeded timeshare.  A customer who made such a purchase would be permitted to subtract the cost of the mini vacation from the timeshare purchase price.  (Zanes Cert. ¶ 5; Thompson Cert. ¶ 7)

[5] Plaintiffs Zanes asserts that he was never asked to document his time and was neither advised of nor witnessed any procedure for recording time.  Plaintiff Thompson recalled the use of a time clock for a short period in 2008.  Thompson allegedly used the clock approximately seven times and "never saw any employees using it in a meaningful manner."  (Thompson Cert. ¶ 10) Plaintiff Thompson further alleges that use of the time clock was discontinued after a short period of time.  (Id.)

¶ 6) Plaintiff Thompson alleges that he worked approximately 45 to 50 hours each week in the travel club/exit program and 50 to 55 hours in the in-house sales program without receiving overtime compensation. (Thompson Cert. ¶¶ 6,9)

From January 8, 2001 to January 1, 2008, Defendants employed approximately 120 salespersons. (Thompson Cert. ¶ 12) From January 1, 2008 to February 9, 2009, Defendants employed approximately 60 salespersons.[6] (Id.) Plaintiffs believe that Defendants failed to record the hours for all salespersons and also did not pay them overtime. (Compl. ¶ 37; Zanes Cert. ¶ 9; Thompson Cert. ¶ 12)

On August 2, 2010, Plaintiffs filed a Motion for Conditional Class Certification with respect to the FLSA claim for

> [a]ny and all employees engaged in the sale of timeshares or other products and services that (i) are/were not paid overtime compensation at a rate not less than one and one-half times their regular rate for each hour worked beyond forty (40) hours during a work week; and (ii) choose to opt-in to this action.[7]

(Pls' Motion ¶ 1) In addition, Plaintiffs seek from Defendants

---

[6] According to Plaintiff Thompson, these sales positions had a high degree of turnover. (Thompson Cert. ¶ 12)

[7] Plaintiffs' proposed class includes all current and former employees of Defendants who sold timeshares or other products and services from three years prior to the date the proposed notice is mailed to the present. (*See* Proposed Notice at 1) This three year time limit comports with the statute of limitations for the FLSA, which is three years for willful violations and two years for non-willful violations. *See* 29 U.S.C. § 255(a).

4

the names and addresses of all potential members of the class and for leave to send notice to potential class members.

## II.

Under 29 U.S.C. § 216(b), an employee who feels his right to unpaid overtime compensation has been violated may bring an action "for and in behalf of himself or themselves and other employees similarly situated."  The term "similarly situated" is not defined in the FLSA.  In "the absence of guidance from the Supreme Court and Third Circuit, district courts have developed a test consisting of two stages of analysis" to determine if employees are similarly situated.  *Kronick v. Bebe Stores, Inc.*, No. 07-4514, 2008 WL 4546368, at *1 (D.N.J. Oct. 2, 2008).

The first analysis occurs when plaintiffs move for conditional certification of the potential class.  This first analysis is also called a stage one determination.  During stage one the court determines if notice should be given to potential class members.  *Morisky v. Public Service Electric and Gas Co.*, 111 F.Supp. 2d 493, 497 (D.N.J. 2000)(quoting *Thiessen v. General Electric*, 996 F.Supp. 1071, 1080 (D.Kan. 1998)).  Should conditional certification be awarded during stage one, then notice will be sent out to the potential class of plaintiffs.

It is possible for a class to be certified at stage one but fail certification at stage two.  Unless a case is "ready for trial," Third Circuit courts consider the case in stage one.

When some discovery has been conducted and several plaintiffs have opted in, the case has moved beyond a typical stage one determination. *Herring v. Hewitt Assoc., Inc.*, No. 06-267, 2007 WL 2121693, at *4 (D.N.J. July 24, 2007). In such cases, the trial judge must decide whether the case is ready for trial. *Id.* In *Herring*, three plaintiffs had opted in and discovery was already underway. *Id.* The court decided that the litigation was in stage one because the case was not "ready for trial." *Id.* Likewise, in *Morisky*, the court stated a case is in stage two after "discovery is largely complete and the case is ready for trial." 111 F.Supp. at 497. In holding that the litigation was in stage two, the court noted that "over 100 potential plaintiffs have already opted into this lawsuit," and that the motion for conditional certification was filed after the date that discovery was scheduled to be complete. *Id.* at 497-98.

Granting a conditional certification in stage one is not a final or permanent decision. Once discovery is largely complete and the case is ready for trial, the case is in stage two. If the defendant moves to decertify the class, a second, final determination on class certification will be made during stage two. The burden of proof that must be met by the plaintiff is higher during stage two because the court "has much more information on which to base its decision." *Thiessen*, 996 F.Supp. at 1080; *See also Herring v. Hewitt Assoc., Inc.*, No.

06-267, 2007 WL 2121693 (D.N.J. July 24, 2007). During this final determination, the court decides whether the plaintiff has shown that he or she is "similarly situated" to the potential class. If the court determines during the stage two determination that the class of plaintiffs are "similarly situated," then the case may proceed to trial as a collective action. *Morisky*, 111 F.Supp. 2d at 497. Should the court determine, however, that the plaintiffs are not "similarly situated," then the class will be decertified or split into subclasses.

Here, because the case is not yet ready for trial and discovery has just begun, the Court will consider Plaintiffs' Motion for Conditional Certification under the stage one burden of proof.

### III.

### A.

Plaintiffs seek to certify a class of all current and former employees of Defendants engaged in the sale of timeshares or other products or services from three years prior to the date the notice is mailed to the present.[8] (Pls' Proposed Notice at 1)

Defendants oppose Plaintiffs' Motion for Conditional Certification, arguing that Plaintiffs may fall under the FLSA

---

[8] *See supra* n. 7 (statute of limitations for FLSA claims is three years for willful violations and two years for non-willful violations).

7

exemptions for administrative or professional personnel, and Defendants seek preliminary discovery on whether Plaintiffs have standing to bring FLSA overtime claims.[9]  The Court will first consider Defendants' arguments on the FLSA exemptions before turning to the similarly situated analysis.

Defendants contend that because Plaintiffs "exercised discretion in fashioning and advancing enticements and enducements [sic] designed to commit the purchaser to the

---

[9] Under the administrative employee exemption, anyone employed in a bona fide administrative capacity is exempt from the FLSA's overtime requirements.  29 U.S.C. § 213(a)(1).  An administrative employee is someone:
>    (1) Compensated on a salary or fee basis at a rate of not less than $455 per week...;
>    (2) Whose primary duty is the performance of office or non-manual work directly related to the management or general business operations of the employer or the employer's customers; and
>    (3) Whose primary duty includes the exercise of discretion and independent judgment with respect to matters of significance.

29 C.F.R. § 541.200.

Under the professional employee exemption, anyone employed in a bona fide professional capacity is exempt from the FLSA's overtime requirements. 29 U.S.C. § 213(a)(1).  A professional employee is someone:
>    (1) Compensated on a salary or fee basis at a rate of not less than $455 per week...;
>    (2) Whose primary duty is the performance of work:
>        (i) Requiring knowledge of an advanced type in a field of science or learning customarily acquired by a prolonged  course of specialized intellectual instruction; or
>        (ii) Requiring invention, imagination, originality or talent in a recognized field of artistic or creative endeavor.

29 C.F.R. § 541.300.

transaction," they therefore fall under the administrative or professional personnel exemptions. (Defs' Br. at 9-10) In support of this assertion, Defendants cite *Smith v. Johnson and Johnson*, 593 F.3d 280 (3d Cir. 2010), for the proposition that "[s]alespersons who participate in the development of marketing and promotional strategies, and who exercise discretionary judgment in the implementation of those strategies qualify as administrative employees in this circuit." (Defs' Br. at 8) In *Smith v. Johnson and Johnson*, the Third Circuit found that the administrative employee exemption applied to a traveling pharmaceutical sales representative who used a high level of planning and foresight to develop a strategic sales plan and who performed her duties without direct oversight, running "her own territory as she saw fit." 593 F.3d at 285.

In this case, there is no evidence that Plaintiffs exercised the kind of discretion and independent judgment that the Third Circuit found warranted application of the administrative exemption. Plaintiffs' job responsibility was to sell timeshares and related products. This occurred on Defendants' property, and there is no evidence suggesting a lack of oversight or an exercise of independent judgment and discretion. Furthermore, courts have routinely granted class certification under a phase one burden of proof for timeshare salespersons alleging FLSA violations. *See, e.g., Gonzalez v. Go Relax Travel, LLC*, No. 09-

9

573, 2009 WL 3817119 (M.D. Fla. Nov. 13, 2009); *Kelly v. Bluegreen Corp.,* No. 08-401, 256 F.R.D. 626 (W.D. Wis. Feb. 20, 2009); *Davis v. Westgate Planet Hollywood Las Vegas, LLC,* No. 08-722, 2009 WL 102735 (D.Nev. Jan. 12, 2009); *Williams v. Trendwest Resorts, Inc.*, No. 05-605, 2006 WL 3690686 (D.Nev. Dec. 7, 2006). Accordingly, the Court finds that Plaintiffs have standing to bring the FLSA claims and Defendants' request for preliminary discovery on this issue will be denied.

Courts in the Third Circuit are split between two levels of proof applicable during stage one. Despite the two standards, courts generally agree that both standards set very low hurdles. *Morisky*, 111 F.Supp. 2d at 497.

One court held that "substantial allegations that the putative class members were together the victims of a single . . . policy" are enough to conditionally certify a class. *Sperling v. Hoffman-La Roche, Inc.*, 118 F.R.D. 392, 407 (D.N.J. 1988); *See also Goldman v. Radio Shack Corp.*, No. 03-0032, 2003 WL 21250571, at *8 (E.D.Pa. April 16, 2003). The "substantial allegations" standard is met when plaintiffs show that they and the potential class allegedly suffered from a common scheme from their employers. In *Goldman*, the court stated that conditional certification is appropriate when "the plaintiff and the proposed representative class members allegedly suffered from the same scheme." *Id.* Likewise, in *Sperling*, the court noted that

"courts appear to require nothing more than substantial allegations that the putative class members were together the victims of a single decision, policy, or plan infected by discrimination." 118 F.R.D. at 407.

Other courts have required more than substantial allegations by also requiring that the plaintiff show a "factual nexus between their situation and the situation of other current and former [employees] sufficient to determine that they are 'similarly situated.'" *Aquilino v. Home Depot, Inc.*, No. 04-4100, 2006 WL 2583563, at *2 (D.N.J. Sept. 7, 2006)(quoting *Hoffman v. Sbarro Inc.*, 982 F.Supp. 249, 262 (S.D.N.Y. 1997)). The "factual nexus" standard is met when plaintiffs provide information about who is in the potential class and the basis for inferring that potential class members are similarly situated.

In *Armstrong v. Weichert Realtors*, the court determined that a one page declaration by a named plaintiff did not demonstrate a factual nexus because it did not provide information as to who was in the potential class or the basis used to infer that the potential class members were similarly situated. No. 05-3120, 2006 WL 1455781, at *2 (D.N.J. May 19, 2006). Conversely, in *Garcia v. Freedom Mortgage Corp.*, the court held that a sufficient factual nexus was demonstrated for conditional certification when the plaintiffs were specific about their personal knowledge of other workers, of their own job duties, and

11

that of other potential class members.  No. 09-2668, 2009 WL 3754070, at *4 (D.N.J. Nov. 2, 2009).

In the present case, the stage one burden of proof is met regardless of whether this Court chooses to apply the "substantial allegations" or the "factual nexus" standard.  The Plaintiffs have made substantial allegations that the putative class members are the victims of the same policy by Defendants to not track sales employees' hours and not compensate them for overtime work.  Plaintiff's Complaint alleges that

> Prior to 2008, defendants maintained no formal or consistent system for recording time worked by sales employees.  Sometime in 2008, defendants installed a time clock which was used by some of the sales employees, but use of the time clock was not enforced or appropriately maintained by defendants in order to accurately track the hours worked by plaintiffs and other sales employees.

(Compl. ¶¶ 34-35)  In addition, Plaintiffs allege that "sales employees have regularly worked more than 40 hours per week, but have regularly been paid for only 40 hours for each such week." (Id. ¶ 37)  These allegations are sufficient to show that the potential class was allegedly impacted by a common policy that would make Plaintiffs similarly situated to the potential class in relation to Defendants' failure to pay overtime compensation.

Even under the slightly higher burden of proof for stage one, conditional certification is appropriate because Plaintiffs have shown a factual nexus between themselves and other sales employees.  Plaintiffs and other sales employees sold deeded

timeshares, travel club programs, trial memberships, vacation clubs and upgrades to memberships and were paid by some combination of salary or draw plus commission. (Id. ¶¶ 32-33) In addition, Plaintiffs allege that all sales employees regularly worked more than 40 hours each week, but only received compensation for 40 hours. Therefore, Plaintiffs have shown a factual nexus that would indicate that the potential class is similarly situated in that they were not paid overtime compensation.

Accordingly, the Court will grant stage one conditional certification of a class of all current and former employees of Defendants engaged in the sale of timeshares or other products or services from three years prior to the date the notice is mailed to the present.

### B.

Upon conditional certification of a collective action, a court has discretion to provide court-facilitated notice. *See Hoffmann-La Roche Inc. v. Sperling*, 493 U.S. 165, 170 (1989). Such notice ensures that the employees receive "accurate and timely notice concerning the pendency of the collective action, so that they can make informed decisions about whether the participate." *Id.* The notice also "serves the legitimate goal of avoiding a multiplicity of duplicative suits and setting cut off dates to expedite the disposition of the action." *Id.* at

172.

Plaintiffs' proposed notice includes a description of the lawsuit, an explanation of who is eligible to receive the notice, the right of the putative class members to participate, the effect of opting-in or choosing not to, and instructions on how to opt-in.

Defendants request that Plaintiffs' proposed notice "make explicit reference to the import and consequence of the relevant statutory exemptions." (Br. In Resp. at 14)  The Court finds that inclusion of these statutory exemptions in the notice would be inappropriate.  The statutory exemptions are complex and defined by lengthy federal regulations and substantial case law.  As such, they do not lend themselves to "reference" in a notice of this sort.  Accordingly, the Court denies Defendants' request to include reference to FLSA exemptions in the notice.

Defendants do not oppose any other aspects of Plaintiffs' proposed notice, including Plaintiffs' request to allow 120 days for potential members to opt-in to the suit.  Given the number of potential class members, the Court finds this time period reasonable.  Accordingly, the Court will approve Plaintiffs' proposed notice.

### C.

Plaintiffs also seek from Defendants the names and addresses of prospective class members to facilitate effective

14

dissemination of the notice.  It is appropriate for a district court to permit discovery of the names and addresses of employees within the class description.  See *Hoffmann-La Roche Inc.*, 493 U.S. at 170.  Therefore, the Court will grant Plaintiffs' request for names and addresses of potential class members.

### IV.

For the reasons stated above, Plaintiffs' Motion for Conditional Certification will be granted.  The Court will issue an appropriate Order.

Date:  November 9, 2010

                                        s/Joseph E. Irenas
                                   **JOSEPH E. IRENAS, S.U.S.D.J.**