[Doc. No. 99]

THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY
CAMDEN VICINAGE

| | |
|---|---|
| ZANES, et al. : | |
| : | |
| **Plaintiffs,** : | |
| : | |
| v. : | Civil No. 09-3736 (JEI/JS) |
| : | |
| **FLAGSHIP RESORT** : | |
| **DEVELOPMENT, LLC, et al.** : | |
| : | |
| **Defendants.** : | |

**REPORT AND RECOMMENDATION
REGARDING THE DISMISSAL OF THE CLAIMS
OF FOUR OPT-IN PLAINTIFFS PURSUANT TO
FED. R. CIV. P. 37(b)(2)(A)(v)**

This matter is before the Court on the "Motion to Dismiss Plaintiffs' Claims and Award Attorneys' Fees and Costs" [Doc. No. 99] filed by defendant Flagship Resort Development, LLC ("Flagship"). ("Def.'s Motion"). Flagship asks the Court to dismiss the claims of Joseph Astick ("Astick"), Gerald Alston ("Alston"), Gabrielle Malter ("Malter") and Charles Moore ("Moore"), four opt-in plaintiffs who it alleges have failed to respond to defendant's discovery requests. No opposition has been filed to the motion. This Report and Recommendation is issued pursuant to 28 U.S.C. § 636(b)(1)(B). The Court exercises its discretion to decide defendant's motion without oral argument. Fed. R. Civ. P. 78; L. R. Civ. P. 37.1(b)(3). For the reasons to be discussed, the Court respectfully recommends that defendant's motion be GRANTED IN PART and DENIED IN PART, and that the claims of Astick, Alston, Malter and Moore be dismissed.

Since dismissal is a drastic remedy, the Court will provide a detailed procedural history of the case. The history demonstrates that the relevant opt-in plaintiffs have abandoned their claims

and that dismissal is an appropriate remedy.  Plaintiffs William Zanes, Tim Claus and Michael Thompson filed this action on July 28, 2009.  [Doc. No. 1].  On November 9, 2010, the Honorable Joseph E. Irenas, S.U.S.D.J., granted plaintiffs' motion for conditional class certification.  [Doc. No. 27].  On March 22, 2011, plaintiffs' counsel filed a "Notice of Filing Consent to Join" on behalf of Astick.  [See Doc. No. 45].  In its supporting brief [Doc. No. 99-1], defendant asserts it served plaintiffs' counsel with discovery requests for Astick in a letter dated April 21, 2011.  (Def.'s Brief at 5).  On May 25, 2011, the Court issued an Amended Scheduling Order that established June 24, 2011 as the deadline to answer written discovery as to all parties in the case as of the date of the Order's issuance.  [See Doc. No. 60].

In a letter dated June 29, 2011, Flagship's counsel informed the Court that plaintiffs' counsel had expressed an inability to obtain responses to written discovery from several opt-in plaintiffs, including Astick.  [Doc. No. 64].  The letter included a copy of an email from plaintiffs' counsel, in which she asserted she was "unable to provide written discovery responses for [Astick, et al.]" and assumed defendant's counsel would "take whatever action you think necessary in that regard."  [Id.].  In response to the June 29, 2011 letter, the Court Ordered all opt-in plaintiffs to respond to written discovery by July 8, 2011, and granted Flagship leave to move for an order compelling discovery, "with a request for sanctions and/or costs, including attorney's fees," should plaintiffs fail to respond or withdraw their claims.  See June 30, 2011 Order [Doc. No. 65].  On June 30, 2011, plaintiffs' counsel filed Stipulations of Dismissal as to three opt-in plaintiffs.  [Docs. No. 66-68].  Astick remains an opt-in plaintiff in the action.

On July 5, 2011, plaintiffs' counsel filed "Notices of Filing Consent to Join" on behalf of Alston [Doc. No. 69], Malter [Doc. No. 70], and Moore [Doc. No. 75].  Pursuant to the May 25,

2

2011 Amended Scheduling Order, Alston, Malter and Moore were obligated to respond to written discovery no later than August 1, 2011. [See Doc. No. 60]. The Court affirmed the deadlines established in the May 25, 2011 Amended Scheduling Order in a July 11, 2011 Text Order denying plaintiffs' request to stay depositions and to extend fact discovery. [Doc. No. 84]. The July 11, 2011 Text Order, however, also granted plaintiffs leave to file a formal motion to extend discovery, which plaintiffs did on July 22, 2011. [Doc. No. 88]. The Court denied plaintiffs' motion for an extension of time to complete discovery on July 29, 2011 for lack of good cause. [Doc. No. 92].

Before plaintiffs filed their motion for an extension of time to complete discovery, Flagship moved for an Order compelling Astick to respond to discovery and dismissing his claims pursuant to Fed. R. Civ. P. 37(b)(2)(A)(v). [Doc. No. 86]. On July 28, 2011, the Court granted Flagship's motion to compel and denied its motion to dismiss. [Doc. No. 91]. The Court Ordered Astick to respond to written discovery by August 15, 2011, and granted Flagship leave to move for dismissal should he fail to comply. (July 28, 2011 Order at 4). The Court also awarded Flagship the recoverable expenses of its motion, but pursuant to Rule 37(a)(5)(C) the Court entered the award only against Astick, noting "it does not appear that plaintiffs' counsel is at fault for [Astick's] non-responsiveness." (Id.).

In a letter dated August 18, 2011, Flagship's counsel informed the Court that Alston, Malter and Moore had also failed to respond to written discovery, and that plaintiffs' counsel "had no further information regarding these plaintiffs." [Doc. No. 94]. The letter included a copy of an email from plaintiffs' counsel, in which she asserted she was "not in a position to provide discovery responses for [Alston, Malter and Moore]," but lacked authorization to dismiss

3

them from the case. [Id.]. On August 22, 2011, the Court Ordered Alston, Malter and Moore to respond to written discovery by August 29, 2011, and granted Flagship leave to move for an Order compelling discovery, "with a request for sanctions and/or costs, including attorney's fees," should they fail to comply. [Doc. No. 95]. The August 22, 2011 Order also granted defendants leave to move for the dismissal of Alston, Malter and Moore's claims pursuant to Poulis v. State Farm and Cas. Co., 747 F.2d 863, 868 (3d Cir.). [Id.]. Flagship asserts that, on September 13, 2011, it emailed plaintiffs' counsel to request executed stipulations of dismissal as to Astick, Alston, Malter and Moore. (Def.'s Brief at 8, Ex. I). In an email dated September 14, 2011, plaintiffs' counsel reasserted she was not in communication with the referenced plaintiffs, and did not have authorization to dismiss their claims. (Id. at 8, Ex. J). Flagship then filed the present motion. On October 21, 2011, the Court Ordered the opt-in plaintiffs named in the present motion to appear before the Court on November 4, 2011, and to show cause why their complaints should not be dismissed for failing to comply with the Court's previous Orders. [Doc. No. 114]. The opt-in plaintiffs failed to appear at the scheduled hearing.

Pursuant to Fed. R. Civ. P. 37(b)(2)(A)(v), if a party fails to obey a discovery order, a Court is authorized to enter an Order "dismissing the action or proceeding in whole or in part." See Porten v. Auto Zone, Civ. No. 10–2629 (RMB/JS), 2011 WL 2038742, at *1 (D.N.J. May 24, 2011) (dismissing plaintiff's complaint for failure to respond to discovery). Dismissal is an "extreme" sanction, reserved for cases where a party has acted in "flagrant bad faith" and "callous disregard of [his or her] responsibilities." Nat'l Hockey League v. Metro. Hockey Club, Inc., 427 U.S. 639, 643 (1976). In determining whether dismissal is appropriate for a party's failure to participate in discovery, the Court balances six factors:

4

> (1) the extent of a party's personal *responsibility*; (2) the *prejudice* to the adversary caused by the failure to meet scheduling orders and respond to discovery; (3) a *history* of dilatoriness; (4) whether the conduct of the party or attorney was *willful* or in *bad faith*; (5) the effectiveness of sanctions other than dismissal, which entails an analysis of *alternative sanctions*; and (6) the *meritoriousness* of the claim or defense.

Poulis v. State Farm Fire and Cas. Co., 747 F.2d 863, 868 (3d Cir. 1984) (emphasis in original). The decision whether to dismiss is left to the Court's discretion. Ware v. Rodale Press, Inc., 322 F.3d 218, 221 (3d Cir. 2003). No particular Poulis factor is controlling, and dismissal may be granted even if some factors are not met. Id.; Hicks v. Feeney, 850 F.2d 152, 156 (3d Cir. 1988).

An analysis of the six Poulis factors supports a recommendation of dismissal. First, as the Court concluded in its July 28, 2011 Order, it does not appear that plaintiffs' counsel is responsible for the non-responsiveness of Astick, Alston, Malter or Moore. (See, e.g., July 28, 2011 Order at 4 (declining to award attorneys' fees associated with Motion to Compel against plaintiffs' counsel)). The correspondence attached to Flagship's motion indicates that, despite asserted efforts, plaintiffs' counsel is unable to obtain any type of response from the above-named plaintiffs with respect to Flagship's discovery requests.

Second, Flagship is prejudiced by plaintiff's failure to produce discovery. Flagship has been deprived of information in plaintiffs' possession that it needs to develop its defense, and was forced to spend significant time and resources in an effort to obtain plaintiffs' responses, which to date have not been produced. See McEwen v. Mercer Cnty. Corr. Ctr., Civ. No. 05-2566 (JAP), 2007 WL 1217357, at *3  (D.N.J. Apr. 24, 2007) (citing Adams v. Trustees of New Jersey Brewery Employee's Pension Trust Fund, 29 F.3d 863, 874 (3d Cir. 1994)).

Third, there is a history of dilatoriness on the part of the subject plaintiffs. Astick, Alston, Malter and Moore have failed to respond to written discovery and have ignored Court Orders.

Fourth, plaintiffs' actions have been willful. Plaintiffs received notice of the Court's Orders, and their actions indicate they have made a conscious and deliberate decision not to comply.

Fifth, the Court does not believe there is an available alternative sanction to obtain the requested discovery. It is apparent to the Court that plaintiffs have no intention of complying with the Court's discovery Orders or pursuing their claims. See Porten v. Auto Zone, supra, at *1 (identifying plaintiff's inaction as a "clear message" of intent to abandon case). This is evidenced by plaintiffs' repeated failure to respond to Flagship's discovery requests as Ordered by the Court. Astick failed to comply with the Court's initial discovery deadline of June 24, 2011; the Court's June 30, 2011 Order that he respond to Flagship's written discovery by July 8, 2011 or withdraw his claims; and the Court's July 28, 2011 Order to Compel. [See Docs. No. 60, 65, 91]. Alston, Malter and Moore failed to comply with the Court's initial discovery deadline of August 1, 2011, and the Court's August 22, 2011 Order that they respond to written discovery by August 29, 2011. [See Docs. No. 60, 95]. Ultimately, all four subject plaintiffs failed to appear in response to the Court's Order to Show Cause. [See Doc. No. 114]. Although in the instant motion Flagship did not formally move for an Order compelling Alston, Malter and Moore to respond to discovery, plaintiffs were on notice that Flagship had leave to move for the dismissal of their claims if they failed to comply with the August 22, 2011 Order. See Wachtel v. Health Net, Inc., 239 F.R.D. 81, 94 n.29 (D.N.J. 2006) (recognizing no procedural distinction

6

where the end result of an informal procedure to compel is the same as a formal motion to compel).

Last, the Court considers whether plaintiffs' claims are meritorious.  In considering whether a claim or defense is meritorious, a summary judgment standard is not used.  Poulis, 747 F.2d at 869-70.  Instead, a "claim or defense will be deemed meritorious when the allegations of the pleadings, if established at trial, would support recovery by the plaintiff or would constitute a complete defense."  Id. (citation omitted).  Plaintiffs entered the case pursuant to Judge Irenas's grant of conditional class certification [Doc. No. 27] and, on its face, the Court cannot say that their claims are without merit.

Despite the possible merit of plaintiffs' claims, the balance of the Poulis factors overwhelmingly favors dismissal.  See Opta Systems, LLC v. Daewoo Electronics America, Civ. No. 05-5387 (JAP), 2007 WL 1040994, at *4 (D.N.J. 2007).  The Court recognizes that dismissal of a complaint is reserved for the most extreme cases.  Poulis, 747 F.2d. at 867-68.  Nevertheless, the Court believes this drastic relief is appropriate.  Astick, Alston, Malter and Moore willfully refused to cooperate in discovery, and their conduct manifests their intention not to produce discovery or to comply with the Court's Orders.  This being the case, there is no lesser alternative sanction available to Flagship than to dismiss plaintiffs' claims.

Accordingly, and for the foregoing reasons, it is this 30th day of January, 2012, respectfully recommended that the claims of plaintiffs Astick, Alston, Malter and Moore be dismissed.  Pursuant to Fed. R. Civ. P. 72 and L. Civ. R. 72.1(a)(2), the parties shall have fourteen (14) days from the date of this Order in which to file any objections with the Court; and

IT IS FURTHER ORDERED that Flagship's request for fees is DENIED.  The Court finds that the dismissal of plaintiffs' claims is a sufficient sanction for their failure to respond to the Court's Orders.

s/ Joel Schneider
JOEL SCHNEIDER
United States Magistrate Judge
